UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

JEFFREY D. CLARK,

        Plaintiff,

        v.                                                  Case No. 07-C-0828

WAUKESHA COUNTY,
OZAUKEE COUNTY,
WASHINGTON COUNTY,
JEAN M. ANSAY,
BARRY BOLINE,
GREG MAJOR,
CHRISTINE HARRIS-TAYLOR,
THERESE CLARK,

        Defendants.

ORDER DENYING DEFENDANT MAGER'S MOTION FOR SANCTIONS AND
DENYING DEFENDANTS OZAUKEE AND WASHINGTON COUNTIES'
REQUEST FOR ATTORNEYS' FEES

        On September 19, 2007, plaintiff, Jeffrey D. Clark, filed a 42 U.S.C. § 1983 action pro se against multiple defendants alleging damages incurred during his divorce proceedings in several state courts. The defendants filed separate motions to dismiss the case, which were considered during a status conference on November 28, 2007. In an order issued that same day, this court granted motions to dismiss by defendants Waukesha County, Jean M. Ansay, Barry Boline, Christine Harris-Taylor, Therese Clark. The remaining defendants, Ozaukee County, Washington County, and Greg Mager, filed additional motions for attorneys fees and sanctions against the plaintiff, and the court gave plaintiff until December 4, 2007, to respond to those motions.

I. Ozaukee and Washington Counties' Motion for Attorneys' Fees

Defendants Ozaukee County and Washington County, by their attorneys, move for attorneys' fees pursuant to 42 U.S.C. § 1988. Under that provisions, a court may award attorneys' fees to the prevailing party in a 42 U.S.C. § 1983 civil rights action. *See* 42 U.S.C. § 1988(b) ("In any action or proceeding to enforce a provision of [42 U.S.C. § 1983] the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."). In *Munson v. Milwaukee Board of School Directors*, the Seventh Circuit discussed the awarding of fees under § 1988:

> The Supreme Court has held that a prevailing defendant may recover attorneys' fees under § 1988 if the plaintiff's action is "frivolous, unreasonable, or groundless, or . . . the plaintiff continued to litigate after it clearly became so." *Hughes v. Rowe*, 449 U.S. 5, 15, 101 S.Ct. 173, 178, 66 L.Ed.2d 163 (1980) *(quoting Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978)); *see also Leffler v. Meer*, 936 F.2d 981, 986 (7th Cir. 1991). Defendants are not required to show either subjective or objective bad faith on the part of the plaintiff in order to recover § 1988 attorneys' fees. *Hamer v. County of Lake*, 819 F.2d 1362, 1366 (7th Cir.1987) (citation omitted). Instead, the defendant must demonstrate that the plaintiff's action is "meritless in the sense that it is groundless or without foundation." *Hughes*, 449 U.S. at 14. "[W]hen a civil rights suit is lacking in any legal or factual basis . . . an award of fees to the defendant is clearly appropriate to deter frivolous filings and to ensure that the ability of the courts to remedy civil rights violations is not restricted by dockets crowded with baseless litigation." *Coates v. Bechtel*, 811 F.2d 1045, 1050 (7th Cir.1987) (citation omitted).

969 F.2d 266, 269 (7th Cir. 1992). The *Munson* decision upheld the district court's imposition of attorneys' fees, finding that the plaintiff offered "no factual basis to support his allegation" against the defendant, and that the plaintiff's § 1983 action "amounted to nothing more than 'speculation as to the defendants' motives.'" *Id.* at 270; *cf. Khan v. Gallitano*, 180 F.3d 829, 837 (7th Cir. 1999) ("There is a significant difference between making a weak argument with little chance of success—what Khan did—and making a

2

frivolous argument with no chance of success. As the courts have interpreted § 1988, it is only the latter that permits defendants to recover attorney's fees.")

The imposition of fees under § 1988 to prevailing defendants must be consistent with a need to "strike a careful balance between the desire to encourage private litigants with valid claims to bring suit to vindicate civil rights and the need to deter frivolous actions brought primarily to harass the defendant without hope of success." *Coates v. Bechtel*, 811 F.2d 1045, 1049-50 (7th Cir. 1987). "As a result, district courts may grant attorney's fees under § 1988 to prevailing defendants 'only in very circumscribed situations.'" *Id.* (*citing Hershinow v. Bonamarte*, 772 F.2d 394, 395 (7th Cir. 1985).

As evidenced from Clark's pleadings and as discussed at the status conference, Clark's § 1983 claims against Ozaukee and Washington Counties arise from the actions of the state court judges who presided over his divorce. Clark claims that "Ozaukee County prohibited visitation with no precedence [sic]. Ozaukee County ordered a support payment for one child of $5136 per month which ultimately forced the Plaintiff into bankruptcy AFTER the case was officially transferred to Washington County." (Compl. 5). Further, Clark claims that "Washington County did not take appropriate action on the financial situation to allow the Plaintiff to perform his job duties, forced the Respondent to withdraw funds from his retirement account which could not be repaid, and ultimately recused themselves moving the case to Waukesha County."[1] *Id.* At the status conference held by this court, Clark claimed that the actions of these defendants violated his "liberty interests."

This court provided Clark the opportunity to develop his cause of action at the status conference and to present facts that would sustain a constitutional claim in light of

---

[1] Clark was the respondent in the divorce action in state court.

the responses and motions to dismiss filed by the defendants. Clark was unable to do so and pleaded ignorance of the law.

Defendants Ozaukee and Washington Counties claim that Clark "has absolutely no legal or factual basis for his complaint," and that "the defendants were unnecessarily forced to incur significant legal expenses in this action to prove the complete absence of any factual or legal basis for the claims against them." (Ozaukee and Washington Counties' Br. in Supp. of Mot. to Dismiss and for Attorneys' Fees at 8.) In support of their motion, the defendants' attorney, Charles Bohl, submitted a declaration that "defendants and their insurer have incurred in excess of one thousand dollars ($1,000.00) in fees and disbursements in defending plaintiff's claims against them in this action," and that "defendant's are prepared to submit detailed proof of these services" at such time deemed appropriate by the court. (Bohl Decl. ¶¶ 3-4.) In response, Clark maintains that his claim was filed "to the best of my knowledge, information, and belief, formed after an inquiry reasonable under the circumstances as an unrepresented party." (Doc. # 70.)

It is true that Clark's claims against the defendant counties are meritless for myriad reasons. However, this court must also consider that Clark is a non-lawyer proceeding pro se. As such, despite the fact that Clark asserts no facts to could support his claim against the counties, it is not outside the bounds of imagination that Clark honestly believed he could bring this action in federal court. Thus, the court does not conclude at this time that his filing was frivolous or initiated merely to harass the defendants. Therefore, the court will deny Ozaukee and Washington Counties' motion for attorneys' fees.

4

II. Defendant Gregory Mager's Motion for Sanctions

Defendant Gregory Mager asks this court to impose sanctions against Clark for violations of Federal Rule of Civil Procedure 11(b). That Rule provides the following:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

For violations of this Rule, a court may impose sanctions on a party after permitting that party an opportunity to respond. Fed. R. Civ. P. 11(c)(1). A party moving for sanctions must make the motion separate from other motions and describe the conduct constituting the violation. Fed. R. Civ. P. 11(c)(2). "A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct . . . ." Fed. R. Civ. P. 11(c)(4). In choosing sanctions available, a district court "must consider the circumstances of the individual case." *Long v. Steepro*, 213 F.3d 983, (7th Cir. 2000).

Mager's notice of motion for sanctions was sent to Clark on October 26, 2007, and it provided that Clark had 21 days in which to dismiss his claim before the

5

motion would be filed with the court.  Plaintiff did not so move, and Mager filed his motion with the court on November 20, 2007.  This court afforded Clark until December 4, 2007, to respond to the motion for sanctions.  Mager requests as appropriate sanctions against Clark (1) a monetary sanction of $5000 and (2) an order restricting Clark from filing any additional suits against all of the original defendants or their privies without court approval. (Mager Notice of Mot. 1.)  He notes that a monetary sanction may not be sufficient to deter Clark from filing additional frivolous actions against the defendants.

For support, Mager points to numerous references in the Findings of Fact, Conclusions of Law, and a Final Judgment of Divorce issued by the Waukesha County Circuit Court judge that presided over Clark's divorce.  In that document, the judge makes numerous references to Clark's disrespect for the law, including a note that Clark's claims against attorneys involved in the action were "made for improper purpose and motive; they were made to intimidate the lawyers and the parties, and to gain unfair advantage in the litigation."  (Doc. #53, Ex. A.)  Further, the judge sanctioned Clark for "abuse of the legal system," found Clark in contempt of court, and banned Clark from "any activity to complain of the conduct of Attorney Ansay, or Attorney Boline in this divorce proceeding, and related matters to the Office of Lawyer Regulation, or to anyone else, anywhere in the world at this time, unless Respondent has advance permission from this Court." *Id.* at 25-28. Clark did not appeal in state court.  Instead, Clark filed suit in this court against Attorney Ansay, Attorney Boline, and several others including Mager, complaining of their conduct during the divorce proceedings.

While this court recognizes a basis for Mager's motion, after considering the facts and circumstances of this case, sanctions will not be imposed against Clark.  It is true Clark's claims are meritless.  However, Clark's actions before this court are not so

6

egregious as to warrant sanctions at this time. *Cf. Wright v. Tackett*, 39 F.3d 155, 158 (7th Cir. 1994) (upholding district court's imposition of sanctions based on finding that plaintiff initiated claim in bad faith for the purpose of delaying and disrupting ongoing state proceedings); *Matter of Skupniewitz*, 73 F.3d 702 (7th Cir. 1996) (discussing with approval district court's imposition of sanctions based on pro se plaintiff's clearly fraudulent conduct before the court). Further, with this order, Clark's claims against all defendants will have been dismissed on the merits; any additional filings in federal district court on these claims against these defendants would immediately be deemed frivolous—a conclusion obvious to any litigant, pro se or otherwise.

Therefore, for the reasons stated on the record during the status conference of November 28, 2007, and for the reasons stated in this order,

IT IS ORDERED that defendant Gregory Mager's Motion to Dismiss is granted;

IT IS FURTHER ORDERED that Mager's Motion for Sanctions is denied;

IT IS FURTHER ORDERED that defendants Washington and Ozaukee Counties' Motion to Dismiss is granted;

IT IS FURTHER ORDERED that Washington and Ozaukee Counties' Request for Attorneys' Fees is denied.

Dated at Milwaukee, Wisconsin, this 28th day of March, 2008.

                                        BY THE COURT

                                        s/ C. N. CLEVERT, JR.
                                        C. N. CLEVERT, JR.
                                        U. S. DISTRICT JUDGE